**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
DENISE ESPINOZA,                                               Case No.: 1:23-cv-09133 (DLC)

                                Plaintiff,

    -against-

JOE AND PAT'S PIZZERIA, GENNARO
PAPPALARDO, CIRO PAPPALARDO,
CASEY PAPPALARDO, and JOHN PISCOPO,

                               Defendants,
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**PARTIAL MOTION FOR SUMMARY JUDGMENT**

                                           Respectfully submitted,

                                           GODDARD LAW PLLC
                                           *Attorneys for Plaintiff*

                                By: /s/ Siobhan Klassen
                                  Megan S. Goddard, Esq.
                                  Siobhan Klassen, Esq.
                                  39 Broadway, Suite 1540
                                  New York, New York 10006
                                  Office: 646-964-1178
                                  Fax: 212-208-2914
                                  Megan@goddardlawnyc.com
                                  Siobhan@goddardlawnyc.com

## I. PRELIMINARY STATEMENT

Defendants admitted that they terminated Plaintiff's employment because she engaged in protected activity, therefore Plaintiff's motion for partial summary judgment on Causes of Action 2, 4, 6, and 8, for retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981("§ 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") should be granted as a matter of law. The undisputed facts show that 1) by repeatedly calling out Defendants' racist employment actions, Plaintiff engaged in protected activity when she posted on social media that her manager was racist, and 2) each individual Defendants admitted that Plaintiff's post was the reason she was terminated, therefore it is undisputed that Defendants retaliated against Plaintiff as a matter of law.

## II. STATEMENT OF UNDISPUTED FACTS

### a. Plaintiff Engages in Protected Activity.

Plaintiff was employed by Defendants CGJC Holdings LLC d/b/a Joe and Pat's Pizzeria and Restaurant ("Joe & Pat's"). Plaintiff's 56.1 Statement of Undisputed Facts ("56.1 ¶ --") ¶ 1. Defendants John Piscopo ("Defendant Piscopo"), Gennaro Pappalardo ("Defendant Gennaro") and Casey Pappalardo ("Defendant Casey") are all owners of Defendant Joe and Pat's. *Id*. ¶ 2. While Plaintiff was employed By Defendants, she told Defendant Gennaro that he was racist based on an incident related to sitting a party in the restaurant. *Id*. ¶ 3. Plaintiff accused Defendant Gennaro of separating out the Indian customers on purpose and that all he "lik[ed] was white people." *Id*. ¶ 4. On October 22, 2020, Plaintiff posted onto Instagram a picture of herself with the following statement, "if you thinking about coming to eat at my job, dont bc my manager told me he's voting for trump…dont give racists your money !!!!" (The "Complaint") *Id*. ¶ 5.

1

  b. *Defendants Terminate Plaintiff because of Her Protected Activity.*

Defendant Piscopo, Gennaro and Casey saw the Post. *Id*. ¶ 6. After seeing the Complaint, Plaintiff told Defendant Casey that Defendant Gennaro had been saying racist things about Asian people. *Id*. ¶ 7. Defendants Piscopo, Gennaro and Casey immediately terminated Plaintiff's employment because of the Complaint. *Id*. ¶ 8. Defendant Gennaro testified that terminating Plaintiff's employment because of the Complaint "was a no-brainer…[Plaintiff] put posts saying that we're racist." *Id*. ¶ 9. Defendant Piscopo testified that he was upset that Plaintiff called the owners of Defendant Joe and Pat's racist, and that he decided to fire her because of that. *Id*. ¶ 10.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(a). "'An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,' " while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' 'In determining whether there are any genuine issues of material fact, the Court must view all facts 'in the light most favorable to the non-moving party…and the movant bears the burden of demonstrating that 'no genuine issue of material fact exists.' If the movant meets its burden, 'the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment.'" *Heiden v. New York City Health & Hosps. Corp.*, No. 20-CV-10288 (LJL), 2023 WL 171888, at *14 (S.D.N.Y. Jan. 11, 2023)

"[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (*quoting Fletcher v. Atex, Inc*., 68 F.3d 1451, 1456 (2d Cir. 1995)). The non-moving Party may not

"rely on conclusory allegations or unsubstantiated speculation" to overcome a motion for summary judgment. *Id*. "Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by 'citing to particular parts of materials in the record.'" *Id*.

To sustain a retaliation claim under Title VII, § 1981, the NYSHRL and the NYCHRL, a plaintiff must show "1) 'participation in a protected activity'; 2) the defendant's knowledge of the protected activity; 3) 'an adverse employment action;' and 4) 'a causal connection between the protected activity and the adverse employment action.'" *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). "Federal and state law retaliation claims are reviewed under the burden-shifting approach." *Id*.

"To establish that [] activity is protected under Title VII, a plaintiff need not prove the merit of his underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed." *Schiraldi v. ProHEALTH Med. Mgmt., LLC*, No. 21-CV-5956 (OEM) (ST), 2024 WL 4252051, at *18 (E.D.N.Y. Sept. 20, 2024). "T]he Second Circuit has stated, 'Congress sought to protect a wide range of activity in addition to the filing of a formal complaint.'" *Whaley v. City Univ. of New York*, 555 F. Supp. 2d 381, 405 (S.D.N.Y. 2008). Courts in this circuit have repeatedly found that stating that a supervisor is racist constitutes protected activity. *See Schiraldi* at *18, (finding that stating a supervisor is "racist" was protected activity under Title VII); *Sealy v. Hertz Corp*., 688 F. Supp. 2d 247, 257 (S.D.N.Y. 2009) (finding that plaintiff's complaint that his supervisor was racist qualified as protected activity); *Whaley* at 405 (finding protected activity when the plaintiff called the supervisor racist and allowing the retaliation claim to proceed when that supervisor took adverse actions against the plaintiff because the plaintiff called the supervisor racist). Under the NYCHRL, the standard is more lenient and protected activity can include "'[i]mplicit references to unlawful conduct.' 'Moreover, the plaintiff

3

'need not prove that her underlying complaint ... had merit, but only that it was motivated by a good faith, reasonable belief that the underlying employment practice was unlawful.'" *Robinson v. De Niro*, 739 F. Supp. 3d 33, 102 (S.D.N.Y. 2023).

"'[F]or an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action.' 'But-for' causation does not, however, require proof that retaliation was the only cause of the employer's action'; instead, it requires only that absent the retaliatory motive, the adverse action would not have occurred." *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 332–33 (S.D.N.Y. 2020) (internal citations omitted). "[T]he but-for causation standard does not alter the plaintiff's ability to demonstrate causation ... through temporal proximity." *Id*. The NYCHRL has a much lower standard, "[a]s to the causation element, the NYCHRL only requires that the protected activity be a 'motivating factor' in the adverse action, and not its 'but-for' cause, as would be required under federal law." *Lee v. Riverbay Corp*., 751 F. Supp. 3d 259, 284 (S.D.N.Y. 2024).

IV.    **ARGUMENT**

   a.  *Undisputed Facts Show that Plaintiff Engaged in Protected Activity*

It is undisputed that Plaintiff engaged in protected activity and that Defendants terminated her employment because of it. Under Title VII, § 1981, and the NYSHRL, Plaintiff engaged in protected activity when she indisputably told Defendant Gennaro that he was being "racist" and that he only liked "white people" after an incident seating Indian customers and when she posted on Instagram, "if you [sic] thinking about coming to eat at my job, don't [sic] [because] my manager told me he's voting for [T]rump…don't give racists your money !!!!" 56.1 ¶¶ 3-6. Plaintiff, before being terminated, also told Defendant Casey that Defendant Gennaro had said racist comments about Asian people. *Id*. ¶ 7. Similar to *Schiraldo* and *Whaley*, Plaintiff openly

4

stating that her manager was racist in her Complaint (and prior to her Complaint and immediately after) constitutes protected activity related to an employment action. Plaintiff's Complaint also meet the relaxed standard under the NYCHRL, as it plainly implied that Defendants were engaged in unlawful, "racist" conduct. All the undisputed facts taken together show that Plaintiff's post was protected activity as a matter of law.

### b. Defendants Admitted They Terminated Plaintiff because of Her Protected Activity

After calling the Individual Defendants "racist" in the Complaint, each Individual Defendants testified that they knew about the post and that the post was the reason that they chose to terminate Plaintiff's employment. 56.1 ¶¶ 6-10. Two of the Individual Defendants, Defendants Gennaro and Piscopo, further admitted that Plaintiff calling them "racist" was the reason for terminating her employment. *Id*. As "[b]ut-for' causation does not [] require proof that retaliation was the only cause of the employer's action," the undisputed facts, through Defendants' own admissions, show that Defendants terminated Plaintiff *because* she called them "racist" in her Post. Even if there were other factors that lead to Plaintiff's termination, Defendants' acknowledgement that Plaintiff calling them racist was the reason for her termination satisfies the "but-for" retaliation standard under Title VII, § 1981, and the NYSHRL as a matter of law, even admitting that terminating her employment because of her Complaint was a "no-brainer."  56.1 ¶ 9. As it is undisputed that Plaintiff's protected activity was the reason for the termination, summary judgment must be granted as a matter of law under Title VII, § 1981, and the NYSHRL for Plaintiff's claims of retaliation.

Additionally, Plaintiff meets the far more lenient standard for retaliation under the NYCHRL which only requires that Plaintiff "oppose" discrimination and that Plaintiff's protected activity be a "motivating factor" in the reasoning for the adverse action. The undisputed facts show

5

that Defendants admitted that they terminated Plaintiff's employment because of the Complaint, showing that it was necessarily a motivating factor in their decision.

## V. CONCLUSION

Based on the undisputed facts on the record, primarily based on Defendants' own testimony, partial summary judgment regarding Plaintiff retaliation claims under Title VII, § 1981, the NYSHRL and the NYCHRL (Causes of Action 2, 4, 6 and 8 must be granted because Defendants terminated Plaintiff because she engaged in protected activity.

Dated: New York, New York
June 27, 2025

GODDARD LAW PLLC
*Attorneys for Plaintiff*

By: /s/ Siobhan Klassen
Megan S. Goddard, Esq.
Siobhan Klassen, Esq.
39 Broadway, Suite 1540
New York, New York 10006
Office: 646-964-1178
Fax: 212-208-2914
Megan@goddardlawnyc.com
Siobhan@goddardlawnyc.com